# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHARLES L. SMITH**
**United States Army, Appellant**

ARMY 20101013

Headquarters, III Corps and Fort Hood
James Varley, Military Judge
Lieutenant Colonel Mark H. Sydenham, Staff Judge Advocate

For Appellant: Captain James S. Trieschmann, Jr., JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA (on brief). Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA (on reply brief).

For Appellee: Captain Sasha N. Rutizer, JA (argued); Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

27 February 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A panel of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of false official statement, two specifications of wrongful sexual contact, one specification of indecent exposure, one specification of aggravated sexual assault, and one specification of adultery, in violation of Articles 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 934 (2006) [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

---

[1] At action, the convening authority disapproved the finding of guilty to adultery under Article 134, UCMJ.

SMITH—ARMY 20101013

The case is before the court for review under Article 66, UCMJ.  Appellant raises three assignments of error[2] basically asserting the evidence is factually and legally insufficient to find him guilty of Specification 1 of Charge II (wrongful sexual contact), Specification 2 of Charge II (wrongful sexual contact), and Specification 3 of Charge II (indecent exposure).  We agree with appellant's first assignment of error and will order relief in our decretal paragraph.  Appellant's third assignment of error merits discussion but no relief.  Appellant's remaining assignment of error, along with the matters he personally raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is without merit.

---

[2]

I.

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT SGT SMITH'S WRONGFUL SEXUAL CONTACT CONVICTION FOR GROPING PVT FD'S INNER THIGH IN THE LION'S CLUB PARKING LOT BECAUSE THE GOVERNMENT FAILED TO PRODUCE ANY EVIDENCE THAT SGT SMITH GROPED PVT FD'S INNER THIGH AND EVEN IF HE DID, HE WAS UNDER A MISTAKE OF FACT THAT SHE CONSENTED.

II.

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT SGT SMITH'S WRONGFUL SEXUAL CONTACT CONVICTION BECAUSE THE MOMENT PVT FD TOLD SGT SMITH SHE WAS UNCOMFORTABLE, HE NEVER TOUCHED HER AGAIN.

III.

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT SGT SMITH'S INDECENT EXPOSURE CONVICTION BECAUSE THE HEIGHT OF HIS SUV, THE DARK TINTED WINDOWS OF HIS SUV, AND THE FACT HE DID NOT INTEND TO BE SEEN BY ANY MEMBER OF THE PUBLIC MADE IT HIGHLY UNREASONABLE THAT HIS CONDUCT WOUULD BE WITNESSED BY A MEMBER OF THE GENERAL PUBLIC AT LION'S CLUB PARK.

## BACKGROUND

On 8 March 2010, Private (PVT) F-D and another soldier were walking to the food court when appellant called out to PVT F-D and asked if she was new on post. Private F-D responded that she was in fact new on post and was on her way to eat lunch. Appellant offered to drive PVT F-D and the other soldier to the food court in his Chrysler SUV. After eating, appellant offered to take PVT F-D off-post to show her around. Private F-D agreed and exchanged phone numbers with appellant with the intent of meeting later that afternoon.

After picking up PVT F-D, appellant drove off-post and the conversation turned sexual. They drove to a nearby public park and parked in the parking lot. It was mid-afternoon and there were several people at the park. Appellant began rubbing PVT F-D's thighs and kissing her. Private F-D did not tell appellant to stop and even kissed him back. Appellant then said, "I need to get off." He then exposed his penis and requested PVT F-D "help [him]." Private F-D refused and turned her head towards the window. Appellant proceeded to masturbate in PVT F-D's presence. After appellant had completed the act and cleaned up, he saw an individual he thought he knew walk past the driver-side window. Appellant slouched down in his seat to avoid being detected by the individual.

## LAW AND DISCUSSION

### *Wrongful Sexual Contact*

We find the evidence of wrongful sexual contact as alleged in Specification 1 of Charge II to be factually insufficient. UCMJ art. 66(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). A person is guilty of wrongful sexual contact when he "engages in sexual contact with another person without that other person's permission." *See Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶45.a.(m). "Sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, *inner thigh*, or buttocks of another person . . . with an intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desires of any person" (emphasis added). *MCM*, pt. IV, ¶45.a.(t)(2). In this case, while kissing, appellant put his hand on PVT F-D's thigh. Private F-D did not object to appellant's actions, continued kissing him, and she responded "No, I'm ok, I'm straight" when questioned by appellant if she okay. In light of the above and all other elicited testimony regarding this incident, we maintain reasonable doubt that appellant engaged in wrongful sexual contact of PVT F-D's inner thigh. As such, we will take appropriate action in our decretal paragraph.

*Indecent Exposure*

In Specification 3 of Charge II, the government charged appellant with indecently exposing himself in violation of Article 120, UCMJ. Indecent exposure occurs when an individual "intentionally exposes, in an indecent manner, in any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household, [his] genitalia . . ." *MCM*, pt. IV, ¶45.a.(n). Here, the parties do not contest the indecency of the exposure. Rather, the contention lies with the alleged public nature of appellant's actions.

Turning to the record, the following circumstances were in evidence surrounding the offense of appellant's indecent exposure while in his vehicle. First, appellant exposed himself in the middle of the afternoon, during daylight hours. Second, the exposure took place in the center portion of a parking lot of a public park. Third, there were twenty to forty cars parked in the parking lot. Fourth, children were playing softball on the field directly in front of appellant's car. Fifth, men were playing basketball directly behind appellant's car. Furthermore, there was a lady with a stroller next to a nearby fence. Sixth, although appellant's car windows were tinted, it was established that people were still able to observe inside the vehicle. Private F-D testified that after appellant completed masturbating, an individual walked past appellant's car causing him to slouch down to avoid detection. Consequently, we find the evidence as to Specification 3 of Charge II to be legally and factually sufficient because appellant indecently exposed himself in a place where his conduct could be reasonably expected to be viewed by the public. UCMJ art. 66(c); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Washington*, 57 M.J. at 399; *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

## CONCLUSION

The finding of guilty to Specification 1 of Charge II is set aside and dismissed. We affirm the remaining findings of guilty. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4